**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:17-CR-00055-JCB-JDL** |
| **vs.** | § | |
| | § | |
| | § | |
| **EDGAR PENLAND (1)** | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On September 30, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender David Barlow.

***Background***

After pleading guilty to the offense of Possession of Child Pornography, a Class C felony, Defendant Edgar Penland was sentenced on January 24, 2018, by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 121 months. The Court sentenced Defendant to imprisonment for a term of 108 months, followed by a 15-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure, mental health testing and treatment, sex offender treatment, no contact with minors unless supervised by an approved adult, no sexually explicit material, sex offender search condition, no internet capable devices unless for work purposes, computer monitoring software, no tampering with monitoring software, no purchase, possession, or use of digital cameras, digital recorders or any other type of recording and/or

photographic equipment, and GED condition. Defendant completed his term of imprisonment and started his term of supervised release on January 7, 2025. The Court modified Defendant's conditions on March 17, 2025.

***Allegations***

In the Petition seeking to revoke Defendant's supervised release, filed on September 21, 2026, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant failed to report online identifiers to the Sex Offender Registrar at the Smith County Sheriff's Office.

2. **Allegation 2 (mandatory condition 6): The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.** It is alleged that Defendant failed to comply with the Sex Offender Registration and Notification Act by failing to report social media accounts on Facebook, Instagram, Threads, TikTok and Craigslist, and by failing to report cell phone (903) 941-1169 and email account akkanita01@gmail.com.

3. **Allegation 3 (standard condition 4): The defendant must answer truthfully the questions asked by the probation officer.** It is alleged that Defendant was untruthful with the probation officer about internet access, possessing internet capable devices, viewing sexually explicit material, and contact with minors. It is also alleged that Defendant was untruthful with the probation officer regarding how long he possessed an unauthorized smart phone. Defendant stated that he only had the unauthorized device for 5 to 6 months when you had the device for approximately one year.

4. **Allegation 4 (special condition): The defendant must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage.** It is alleged Defendant failed to disclose online account information for at least 5 to 6 months on the following platforms: Facebook, Instagram, TikTok, Threads, and Craigslist. You also failed to disclose online account information for email address akkanita01@gmail.com for at least 5 to 6 months.

5. **Allegation 5 (special condition): The defendant must not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.** It is alleged Defendant had physical contact with a minor on or around May 23, 2026 by placing his hands on the minor's shoulders while posing for a picture. On July 28, 2026, Defendant admitted to talking to a minor in a chatroom and signed an admission statement.

6. **Allegation 6 (special condition): The defendant must also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment, unless used specifically through an approved device with computer monitoring software installed, with authorization by the U.S. Probation Officer.** It is alleged that Defendant possessed an unauthorized smartphone for at least 5 to 6 months which possessed camera and recording capability.

7. **Allegation 7 (special condition): The defendant shall not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials. If the defendant needs access to an Internet equipped device for employment purposes, he shall advise the probation officer before using the device. The probation officer will ensure his employer is aware of his criminal history and that he agrees to use the device for work purposes only.** It is alleged that Defendant admitted to possessing an internet capable device, a Samsung smartphone, on July 28, 2026, that was confiscated by the U.S. Probation Office. On the same date, Defendant admitted to possessing an unapproved internet capable device, a tablet, used for medical reasons without the prior approval of the probation officer. On or around August 29, 2026, the probation officer received information that Defendant was accessing the internet without approval again, on an unapproved unknown device.

8. **Allegation 8 (special condition): The defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined under 18 U.S.C. § 2256(2)(A). This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. The defendant must not patronize any place where such material or entertainment is available. The defendant must not use any sex-related telephone numbers. The defendant must provide the probation officer with access to any requested financial information to determine if he has purchased, viewed, or possessed sexually explicit material.** It is alleged that Defendant admitted on July 28, 2026 to watching sexually explicit material approximately 2 to 3 times a week for 5 to 6 months and signed an admission statement.

9. **Allegation 9 (special condition): The defendant must participate in a sex offender treatment program. The defendant must abide by all rules and regulations of the treatment program until discharged. The probation officer, in consultation with**

> **the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any costs associated with treatment and testing. Should the defendant fail to pay as directed, he must perform 3 hours of community service for each unpaid session.** It is alleged that Defendant was unsuccessfully discharged from the group sex offender treatment program at Van Zandt Community Counseling on September 6, 2026, due to his failure to progress in sex offender treatment, specifically continued violations of supervision and sex offender treatment program rules. This would include possession of unauthorized phones, viewing sexually explicit material, and accessing social media accounts, through which Defendant has dialogued with female minors.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report online identifiers to the Sex Offender Registrar at the Smith County Sheriff's Office, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 4 to 10 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

failing to comply with the Sex Offender Registration and Notification Act, being untruthful with the probation officer, failing to disclose online account information, having physical and chatroom contact with a minor, possessing a smartphone, possessing internet capable devices, watching sexually explicit material, or failing to complete sex offender treatment, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of I, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 3 to 9 months.

***Hearing***

On September 30, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 9 of the petition and to jointly request a sentence of imprisonment for a term of 8 months to be followed by a 15-year term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 9 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FMC Fort Worth to address his medical issues.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 9 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months to be followed by a 15-year term of supervised release. Through an individualized assessment, I determined that a 15-year term of supervised release is warranted. Any criminal history monetary penalties

previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 9 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months to be followed by a 15-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Fort Worth.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months to be followed by a 15-year term of supervised release.

So ORDERED and SIGNED this 30th day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE